**Reginald Lamont SHUMPERT, Plaintiff-Appellant**

v.

**John GAUNT; Leslie McWilliams; Eddy Lange, Defendants-Appellees**

**No. 16-50632**

**Summary Calendar**

United States Court of Appeals, Fifth Circuit.

Filed May 2, 2017

Reginald Lamont Shumpert, Pro Se

Joe Anthony Rivera, Esq., Naman, Howell, Smith & Lee, P.L.L.C., Waco, TX, for Defendant-Appellee

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM: \*

Reginald Lamont Shumpert appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Because the district court dismissed the complaint as frivolous, review is for abuse of discretion. *See Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013).

Shumpert does not challenge the district court's analysis of his false imprisonment claim or the court's basis for dismissing his complaint. He does not address the district court's conclusion that his claims were barred under judicial and prosecutorial immunity and *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Instead, he rehashes his claim that Bell County officials violated his constitutional rights when they conspired to falsely imprison him after he posted bail.

When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are afforded liberal construction, arguments must be briefed in order to be preserved. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Because Shumpert fails to raise any argument regarding the

district court's dismissal of his false imprisonment claim, it is abandoned.

As Shumpert has abandoned his sole issue on appeal by failing to brief it, he has failed to show that the district court abused its discretion by dismissing his complaint as frivolous. *See Rogers*, 709 F.3d at 407. Because the instant appeal lacks arguable merit, it should be dismissed as frivolous. *See* 5TH CIR. R. 42.2. Likewise, Shumpert's motion for the appointment of counsel and all of his outstanding motions are denied.

The district court's dismissal of Shumpert's § 1983 complaint and the dismissal of this appeal as frivolous count as strikes under the three-strikes provision, 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, —— U.S. ——, 135 S.Ct. 1759, 1761, 191 L.Ed.2d 803 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Shumpert is cautioned that if he accumulates another strike under § 1915(g), he will not be permitted to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; MOTIONS DENIED; SANCTION WARNING ISSUED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.